IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEAN'BRI SEAN JOHNSON, SR.,

    Plaintiff,

v.

EDMUND G. BROWN; KAMALA HARRIS; CRAIG L. PARSONS; JAMES J. MARCHIANO; ROBERT L. DONDERO; SANDRA L. MARGULIES; JIM HUMES; JENNIFER OW; JEFFREY BOYARSKY; ROSS THOMAS; JON S. TIGAR;

    Defendants.

No. C 19-3500 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se. He filed this civil rights case under 42 U.S.C. § 1983 against state officials involved in his conviction in state court and against a federal judge who denied his habeas petition challenging that conviction. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

Plaintiff claims that state and local officials — the former Governor and Attorney General, the attorneys who prosecuted and were appointed to represent him at trial and on appeal — conspired to wrongfully convict him of violating state criminal law. He also claims that a federal judge participated in this conspiracy by denying his habeas petition challenging that conviction. He is presently serving the sentence he received based upon that conviction. He seeks damages and injunctive relief.

His claims for damages are barred. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence

that has not been so invalidated is not cognizable under Section. *Id.* at 487. Plaintiff's claim for wrongful conviction, if successful, would necessarily imply that his conviction was not valid. Consequently, this claim is barred by *Heck*.

Plaintiff may not obtain injunctive relief. Habeas is the exclusive remedy for the prisoner who seeks immediate or speedier release from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011). The only federal remedy for challenging the validity of his state court conviction is a habeas petition under 28 U.S.C. § 2254. Plaintiff indicates that he has already pursued such a petition, to no avail.

## CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief. This dismissal is without prejudice to plaintiff re-filing his damages claims if his conviction is ever reversed, dismissed or otherwise inavalidated.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July  8   , 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE